

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES,

                        Respondent,

            - against -

SHAMONT HOOUSENDOVE,

                        Petitioner.
-----------------------------------------------------------X

<u>**ORDER**</u>
08-CR-344 (TCP)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   JUN 15 2012   ★

LONG ISLAND OFFICE

PLATT, District Judge.

Before the Court are two motions: (i) Petitioner's Motion for Retroactive Application, which was filed by Petitioner himself (ECF No. 28) and (ii) Petitioner's Motion for Reconsideration filed by Petitioner's CJA-appointed counsel, Richard Miller (ECF No. 29). The Court decides the motions jointly and the Court **DENIES** both motions.

## BACKGROUND

### A.    Facts

Law enforcement officials arrested Petitioner on April 24, 2008. *See* Revised Presentence Report at 4, March 31, 2010 [hereinafter, *RPSR*]. Petitioner admitted that he was "responsible for the possession and distribution of at least 150 grams of cocaine base which he possessed and distributed on a daily or near-daily basis from spring 2007 until April 2008 . . . ." *Id.* at 5.

On January 30, 2009, Petitioner pleaded guilty before Magistrate Judge Tomlinson to Count One of a twenty-one count superseding indictment. *Id.* at 3. Count One charged Petitioner with conspiracy to distribute and possess with intent to distribute 5 grams or more of cocaine base, which violated 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). *Id.*

1

Prior to Petitioner's Sentencing, *RPSR* calculated that Petitioner's Total Offense Level was 29. *RPSR* at 6. *RPSR* stated additionally, however, that, based upon the United States Supreme Court's holding in *Spears v. Unites States*, the Court, at the time of sentencing in 2010, had the "authority to replace the Sentencing Guidelines quantity ratio . . . with its own [] ratio." *Id.* at 27 (citing 555 U.S. 261 (2009)). *RPSR* stated, finally, that if the Court chose to adopt "the less punitive ratio . . . , [Petitioner's] Total Offense Level would be 27, and the Guideline Imprisonment Ratio would be 130 to 162 months." *Id.* At Petitioner's Sentencing on April 1, 2010, this Court utilized its authority under *Spears*; the Court sentenced Petitioner to 130 months – the low end of the "less punitive" Guidelines calculation.

"On May 19, 2010, [Petitioner] was designated to the Federal Correctional Institution Fairton[] in Fairton, New Jersey, where he has remained to date." Addendum to the Presentence Report at 1, February 22, 2012 [hereinafter, *PSR Addendum*]. "While in Bureau of Prisons['] custody, [Petitioner] has been subject to two disciplinary sanctions. On December 30, 2011, [Petitioner] was cited for Stealing, and he later admitted to stealing food service items . . . . On March 31, 2011, [Petitioner] was sanctioned for Being In An Unauthorized Area." *Id.*

**B.    Law**

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

On August 3, 2010, the President executed the Fair Sentencing Act of 2010; the Act directed the Unites States Sentencing Commission to amend the Sentencing Guidelines. On November 1, 2011, the Commission's updated rule, Amendment 750, took effect. Amendment 750 became a "Covered Amendment" under Section 1B1.10 of the Sentencing Guidelines, which is the Guidelines "Policy Statement" referenced in 18 U.S.C. § 3582(c)(2). Section 1B1.10 reads:

(a) <u>Authority</u>.—

(1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

. . .

(3) <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

(b) <u>Determination of Reduction in Term of Imprisonment</u>.—

(1) <u>In General</u>.—In determining whether, and to what extent, a reduction . . . is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

Using the 18 U.S.C. § 3582 and Guidelines Section 1B1.10(b)(1), the United States Supreme Court, in *Dillon v. United States*, delineated a two-step approach. *See* 130 S. Ct. 2683, 2691-92 (2010). First, the Court must "begin by 'determining the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* at 2691 (citing Guidelines Section 1B1.10(b)(1)). Second, the Court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.* at 2692.

Further, the Supreme Court held that, "because reference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings." *Id.*

According to 18 U.S.C. § 3553(a), "[t]he court, in determining the particular sentence to be imposed, shall consider--

**(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;

**(2)** the need for the sentence imposed--

**(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

**(B)** to afford adequate deterrence to criminal conduct;

**(C)** to protect the public from further crimes of the defendant; and

**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

**(3)** the kinds of sentences available;

**(4)** the kinds of sentence and the sentencing range established . . .

4

. . .

(5) any pertinent policy statement . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

## ANALYSIS

As an initial matter, the Court holds that, in according with *Dillon* and the various Circuit decisions cited by the Government (Mem. Opp'n 12-14), Petitioner has no right to appear before the Court and the Court finds an in-person review would be unnecessary and unnecessarily costly for the Government. As the Supreme Court held, the Court's review of Plaintiff's motion is not a "plenary resentencing proceeding[]." *Dillon*, 130 S. Ct. at 2691.

### A.   Amended Guideline Range

The Government concedes, and the Court concurs, that Amendment 750 reduced the Petitioner's applicable Guidelines range. *See* Mem. Opp'n 6. According to *PSR Addendum*, Petitioner's Total Offense Level would be 25; his guidelines range would be 110 to 137 months. *PSR Addendum* 1.

### B.   Applicable § 3553(A) Factors

The Court does not need to look beyond 3553(a)(1): "the nature and circumstances of the offense and the history and characteristics of the defendant."[1] The Court adds the circumstances of the original sentence to this determination. As noted *supra*, the Court reduced, at the original

---

[1] The Court notes that it has reviewed the remaining § 3553 factors; the Court finds that none of the remaining factors persuade the Court to reduce Petitioner's sentence.

5

sentencing, Petitioner's quantity ratio through its *Spears*-based authority. The Court noted at sentencing that it was giving Petitioner a "substantial break". *See* Mem. Opp'n 10-11(citing Tr. 19).

Petitioner admitted that he "purchased approximately 10 grams of cocaine base . . . *every three days* for [one] year, noting that on some occasions he purchased 20 grams of cocaine base . . . ." *RPSR* 4 (emphasis added). Counting drug-purchasing breaks during that period, including at least a month of incarceration, "[Petitioner] had approximately 5 months of regular, full-time drug selling activity.[2] *Id.*

In *RPSR*, Petitioner's criminal history consumes nearly eight pages. As the Government notes,

> [the] report is littered with instances of violence and convictions for a wide range of crimes, including: robbery, assault, endangering the welfare of a child, criminal possession of marijuana (twice), disorderly conduct, attempted riot, criminal possession of a loaded firearm, resisting arrest and criminal sale of marijuana . . . . From the time he was sixteen years old [he was 25 years old at the time of sentencing], [Petitioner] . . . has not passed more than 16 months of his life without being convicted of some criminal offense.

Mem. Opp'n 2. Moreover, since Petitioner's 2010 sentence and the February 2012 *PSR Addendum*, Petitioner has been subject to two prison disciplinary sanctions. *Supra* 2.

After reviewing Petitioner's history and characteristics, the nature and circumstances of the offense, and the Court's use of the "less punitive" quantity ratio in its original sentence, the Court holds the reduction is unwarranted in the present case. The Court **DENIES** Petitioner's motions. The Court retains its original sentence of (i) one-hundred and thirty (130) months of imprisonment, with credit for time served, and (ii) five (5) years of supervised release.

---

2 Certainly, Petitioner will not argue that his incarceration-related break warrants a sentence reduction.

**SO ORDERED.**

_____<br>Thomas C. Platt, U.S.D.J.

Dated: June _15_, 2012
      Central Islip, New York